BARRETT B. CLARK

*v.*

JOHN WEIS.

1. CONTRACT—*mutual and dependent—when a readiness to perform is sufficient.* Where, under a contract, the acts of both parties required to be done are concurrent acts, neither is obliged to do the first act, or perform his part of the agreement before the other; and the plaintiff, in order to sustain his action, need only show that he was ready and willing to perform his part, if the defendant was ready to perform his.

2. SAME—*when the acts are concurrent.* Where a party gave a bond for a warranty deed to real estate, to be made on a certain day if the purchase money should then be paid, it was *held,* that the making of the deed and the payment of the money were concurrent acts; and where the vendor of land is not able to make the title he agreed to give, at the time agreed upon, and the purchaser is ready and willing, and able, to make his payment, the latter may sue for and recover back what he has paid on the contract.

3. TENDER—*in case of mutual and dependent undertakings.* In the case of mutual and concurrent promises, the word "tender" does not mean the same kind of an offer as when used in reference to the payment of a debt due in money, but it only means a readiness and willingness, accompanied with an ability, on the part of the party; and such a tender does not require the bringing of the money into court to keep it good.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Messrs. BARBER, RANDALL & FULLER, for the appellant.

Messrs. FAIRCHILD & BLACKMAN, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 27th of April, 1864, appellant executed and delivered to appellee his penal bond for $2000, subject to the condition that he should make and deliver to appellee a deed, with usual covenants of warranty, for a certain tract of land, on or before the 27th of April, 1866, provided appellee paid him therefor the sum of $1717 with interest at ten per cent.

Appellee paid appellant $100, at the time of the execution of the bond, and $500 about three months thereafter.

The declaration contains two counts. The first is special, on the bond, and the second is for money had and received by appellant to appellee's use.

The issues presented by appellant's pleas were, 1st, general issue, 2d, Statute of Limitations, and 3d, set-off; but since appellant only questions the sufficiency of the evidence, and the ruling of the court in respect of tender and payment by appellee, in performance of his part of the contract, it will

only be necessary to notice those questions. Appellant asked the court, and the court refused, to instruct the jury as follows:

" The material issues in this case, on the part of the plaintiff, are, a contract, payment and tender of payment by the plaintiff in full performance of his part of the contract as stated in his declaration and replication; and unless the jury believe, from the evidence, that the plaintiff has sustained said issues by a preponderance of proof, then the law is for the defendant, and the plaintiff can not recover.

"In order to make a legal tender of money, as stated in plaintiff's declaration, the exact amount of money then due must have been actually produced by the plaintiff, in lawful money, and by him offered to the defendant; and unless the jury believe, from the evidence, that such a tender was made by the plaintiff to the defendant, as stated in said declaration, then the law is for the defendant, and plaintiff can not recover.

"In order to have the advantage of a tender of money, the party making the tender must keep it good."

The evidence very clearly shows that appellant never was in a condition to make a good title to the property to appellee. His claim of title rested upon a deed which is shown to have been a mortgage, in fact, and since satisfied, though not formally released. Besides, appellant had, by quitclaim deed, expressly disposed of all his interest in a part of the property at the time the bond was executed, and at no time subsequently did he repossess himself of the title, or offer to do so. A portion of the property was also in the actual occupancy of the party claiming to be the real owner (the mortgagor), and so remained. This party neither was legally dispossessed, at any time, nor does it appear that he could have been.

Under this state of facts, we think the court very properly refused the instructions.

The promises of the parties here were mutual and dependent, and, as a clear exposition of the law applicable, we quote from the opinion of STORRS, C. J., in *Smith* v. *Lewis*, 26 Conn. 110:

"As the agreement required only that the acts of both the parties should be done at the same time, neither was obliged to do the first act, or consequently to perform his part of the agreement without or before the other. The plaintiff, in order to sustain this action, need only to show that he did what the law required of him; and all that it required was, that he should be ready and willing to perform on his part, if the defendant was ready to perform on his.

"Some misapprehension or confusion appears to have arisen from the mode of expression used in the books in treating of the necessity of a tender or offer by the parties, as applicable to the case of mutual and concurrent promises. The word 'tender,' as used in such a connection, does not mean the same kind of offer as when it is used in reference to the payment or offer to pay an ordinary debt due in money, where the money is offered to a creditor who is entitled to receive it, and nothing further remains to be done, and the transaction is completed and ended; but it only means a readiness and willingness, accompanied with an ability on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do, and a notice by the former to the latter of such readiness. Such readiness, ability and notice are sufficient evidence of, and indeed imply, an offer or tender in the sense in which those terms are used in reference to the kind of agreements we are now considering. It is not an absolute, unconditional offer to do or transfer anything at all events, but it is, in its nature, conditional only, and dependent on, and to be performed only in case of, the readiness of the other party to perform his part of the agreement."

*Hough* v. *Rawson,* 17 Ill. 588, and *Smith* v. *Lamb,* 26 id. 396, are in accordance with this view of the law. The latter case differs from the present only in the fact that there the party refused to convey, admitting that he had no title, while here the party did not convey, and the evidence shows that he had no title—a difference entirely unimportant in principle.

Appellee testifies that he was ready and willing and pre-
pared to comply with his part of the contract, whenever
appellant complied with his, and that he so notified appellant
on repeated occasions.    It is impossible to say the jury mani-
fested either ignorance, passion or prejudice in choosing to
believe him.

We think there was no substantial error in the ruling of
the court in granting, refusing, or modifying instructions, and
that the verdict is authorized by the evidence.

The judgment is affirmed.

*Judgment affirmed.*