## L. Nathan v. F. A. Rehkopf.

1. AGENT—*Unlawful Payment of Deposits as Earnest Money.*—A person entered into an agreement to sell real estate to another, who deposited with an agent one hundred dollars earnest money, to be forfeited if he failed to take the land. The purchaser failed to take the land, and the agent holding the deposit paid it back to him without the knowledge of the seller. *Held,* that the agent made such payment at his peril, and he was liable for the same to the seller.

2. TENDER—*Deeds Under Forfeited Agreements.*—Where the purchaser who makes an agreement for a deed of real estate, declines to carry out the contract and refuses to accept a deed, it is not necessary to make a tender of the deed before suit on the agreement.

**Memorandum.**—Assumpsit.    Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.    Heard in this court at the October term, 1894.    Opinion filed January 10, 1895.

N. M. PLOTKE, attorney for appellant.

S. G. ABBOTT, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On April 26, 1890, the appellee and one Max Michaelis entered into a contract of that date for the sale and conveyance by the appellee and the purchase by Michaelis, of certain real estate.    The contract was signed by Michaelis, by L. Nathan, the appellant.    The contract recited that one hundred dollars had been paid by Michaelis as earnest money to be applied on the purchase, and it was provided that if the purchaser should fail to perform the contract promptly on his part at the time and in the manner specified in the contract, the said earnest money should, at the option of appellee, be forfeited as liquidated damages, and time was declared to be of the essence of the contract; and it was provided that said earnest money should be held by the appellant for the mutual benefit of the parties.

It was also provided by the contract that the remaining $2,900 of the contract price should be paid, at the office of the appellant, within five days after the title had been examined, and a good and sufficient warranty deed of the premises be ready for delivery, and that an abstract of title should be furnished, and that if upon examination the title were found to be materially defective, the earnest money should be refunded and the contract be inoperative, unless the material defects in the title should be cured within sixty days after written notice thereof to the appellee.

The one hundred dollars earnest money was deposited

with the appellant, and an abstract of title was delivered by appellee.

No objections to the title were ever made.

After waiting until about June 10, 1890, the appellee was notified by appellant to come to his office and bring his wife with him to execute the deed, and they went there on that day for that purpose—it being understood that appellant should make out the deed. The appellant then told appellee that Michaelis had concluded not to take the property, and that he, appellant, had paid back to him the one hundred dollars.

The appellee at once told appellant that he had no right to give back to Michaelis the money, and that by the terms of the contract the money was to be paid to him, the appellee, if Michaelis backed out; and on June 12th, the appellee went in company with two witnesses and demanded the one hundred dollars of appellant. Appellant said he had paid back the money to Michaelis and refused appellee's demand.

Suit was therefore brought by appellee before a justice of the peace and judgment for $100 recovered against appellant, who appealed to the Circuit Court, where judgment was again recovered in favor of appellee for the same amount, and this appeal is from that last judgment.

The judgment can not be disturbed. There is no conflict in the facts, and although several questions of law are raised, they are not well taken.

It was a sufficient exercise of the option of the appellee to claim the earnest money as liquidated damages, for him to claim it at the first moment he had notice that Michaelis would not take the property.

As to the title, the appellee did all that was required of him by the contract when he furnished an abstract of title to the premises, until, at least, he should have been notified of defects.

As to the furnishing of a deed by appellee, he did all that was required. He went with his wife to execute the deed, which it was understood the appellant should prepare as soon as he was requested. It was not necessary for him to

be ready with a deed before he knew that the title would be accepted, and he went prepared to execute a deed before he had been notified even to that extent. Instead of then being asked to sign a deed he was told that the purchaser had " backed out," and that the earnest money had been refunded to the purchaser. No tender of a deed thereafter was necessary. The agreements of the parties to the contract were mutual and dependent. Clark v. Weis, 87 Ill. 438.

The appellant paid back the money to the purchaser at his peril, and he has no ground of complaint that judgment was rendered against him.

The judgment is affirmed.