Frederick Rohn and Franklin B. Gottschalk, Trustee, Appellees, v. Ida Heidrich and Mathias Heidrich, Appellants.

### Gen. No. 16,496.

1. TENDER—*rules in equity.* The rules in respect to tender are much more liberal and flexible in equity than in law.

2. TENDER—*qualified by conditions.* A tender of performance may be accompanied with such conditions as were, by the terms of the contract between the parties, conditions precedent to be performed by the party to whom the tender is made, and the same rule applies where the acts to be performed by the respective parties are concurrent acts.

3. MORTGAGES—*sufficiency of tender.* Where a trust deed provides that a solicitor's fee shall be paid if foreclosure proceedings are instituted, and that on payment of the indebtedness a reconveyance of the premises shall be made by the trustee, a tender before proceedings instituted need not include a solicitor's fee for preparing a bill to foreclose, and it is not impaired by being accompanied by a demand for a release deed, and a refusal

of the tender on the sole ground that it did not include a solicitor's fee is a waiver of all other grounds of objection.

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded with directions. Opinion filed November 18, 1912. Rehearing denied December 2, 1912.

**Statement by the Court.** Appellee Rohn was the holder of a principal note for $1,200 and an interest note for $36, given by appellants and secured by their trust deed in the nature of a mortgage to Franklin B. Gottschalk, trustee. July 21, 1908, said notes were due and with the trust deed were in the hands of Albert Wesley Gottschalk for collection. The amount then due on the notes was $1,251.44. The mortgagors tendered to Albert Wesley Gottschalk for Rohn $1,260 and requested him to deliver to them said notes, trust deed and a release deed. The amount tendered was more than sufficient to pay the amount due and the usual and reasonable charges for a release deed. Mr. Gottschalk refused to accept the tender on the ground that he had prepared a bill to foreclose and demanded $50 for his services in preparing such bill. This amount the mortgagors refused to pay and Gottschalk afterwards filed the bill in this case. The defense set up in the answer was the tender. The only provision in the trust deed as to solicitor's fees is a provision that, "In case proceedings are instituted for the foreclosure of this trust deed in any court, etc., * * * a reasonable sum shall be allowed for solicitor's fees of the complainant in such proceedings." The master in his report stated his conclusions that the defendants had the right, on the tender of the entire debt and the reasonable costs of a release deed, to demand the surrender of all the securities by which the debt was evidenced, including a release of the trust deed; that the tender was sufficient and stopped the running of interest, and that the complainant was not entitled to be allowed any solicitor's fees, because the tender was

made before the bill was filed. The master recommended that a decree be entered requiring defendants to pay into court or to Rohn $1,251.44 as the indebtedness due on account of said notes, and to the trustee such fees as the court might deem reasonable for the making of a release deed, that on such payment being made to him, the trustee execute a release deed, and that in default of the mortgagors making such payments the premises be sold and the proceeds applied to the payment of the amount found due to Rohn and costs of this proceeding incurred by any failure of the defendants to comply with the decree requiring such payment by them. The chancellor sustained complainants' exceptions to the master's report, found that the tender was conditional and insufficient, that complainant Rohn was entitled to interest up to the date of the decree and $100 for solicitor's fees, entered a decree in accordance with such findings, and the defendants appealed.

WILLIAM SLACK, for appellants.

ALBERT WESTLEY GOTTSCHALK, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The only question presented is as to the sufficiency of the tender. The rules in respect to tender are much more liberal and flexible in equity than at law. The trust deed provides that on payment of the indebtedness a reconveyance of the premises shall be made by the trustee or the successor in trust on receiving his reasonable charge therefor. The tender was not impaired by the demand of a release deed, for the defendants did not insist on any condition except such as the complainant was bound to perform at the time of payment by the terms of the trust deed, and they tendered the reasonable charges of the trustee for

making such release deed. Mankel v. Belscamper, 84 Wis. 218.

The word "tender" in the case of mutual and concurrent promises "does not mean the same kind of offer as when it is used in reference to the payment or offer to pay an ordinary debt due in money, where the money is offered to a creditor who is entitled to receive it, and nothing further remains to be done, and the transaction is completed and ended; but it only means a readiness and willingness, accompanied with an ability on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do, and a notice by the former to the latter of such readiness. Such readiness, ability and notice are sufficient evidence of, and indeed imply, an offer or tender in the sense in which those terms are used in reference to the kind of agreements we are now considering. It is not an absolute, unconditional offer to do or transfer anything at all events, but it is, in its nature, conditional only, and dependent on, and to be performed only in case of, the readiness of the other party to perform his part of the agreement." Smith v. Lewis, 26 Conn. 110, quoted with approval in Clark v. Weis, 87 Ill. 438, 441.

A tender of performance may be accompanied with such conditions as were by the terms of the contract between the parties conditions precedent to be performed by the party to whom the tender is made. Wheelock v. Tanner, 39 N. Y. 481; Bailey v. Buchanan County, 115 N. Y. 297.

The same rule applies where the acts to be performed by the respective parties are concurrent acts.

The tender was refused on the sole ground that it did not include $50 for solicitor's fees for Rohn's solicitor, and this was a waiver of all other grounds of objection to the tender.

The decree will be reversed and the cause remanded to the Circuit Court with directions to overrule the ex-

ceptions to the Master's report and to enter an order confirming the report and a decree in accordance with its findings and recommendations.

*Decree reversed and cause remanded with directions.*