AUGUST FOURNIER *vs.* MARY T. CASS *et al.*

DECEMBER 29, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is a bill in equity to compel the specific performance of two written contracts for the conveyance of thirteen lots of land. After hearing in the Superior Court upon bill, answer, issues of fact and proof final decree was entered dismissing the bill. Complainant has brought the cause to this court by his appeal stating as reasons therefor that the decree is against the law and the evidence.

Complainant alleged in his bill that June 6 and 23, 1921, the parties executed contracts by which respondents agreed to convey the land described therein to him upon the performance of certain obligations assumed by him. He also alleged that he promptly made all payments of principal as agreed, excepting $17; that he received two statements from respondents showing the amount they claimed to be due under said contracts; that he offered to pay the amount of said statements to respondents upon delivery of the deeds as agreed and that they refused to deliver the deeds. He offered in his bill to pay the amount due upon delivery of the deeds of said land. He prayed that respondents be compelled to execute and deliver deeds of said land in the form agreed by them upon payment of the amount due under the contracts. Respondents' answer denied the above mentioned allegations. Issues of fact were framed by a special master. One issue was whether complainant received two statements from respondents showing $175.35 as the amount due and offered to pay said amount on condition that respondents deliver to him deeds of said land. Another issue was: Does complainant now offer to pay said sum on the same condition? At the trial complainant introduced evidence tending to prove all of the allegations contained in his bill. Respondents submitted the case without presenting any evidence. No findings on the issues of fact were made by the trial justice. Each of the above mentioned issues of fact is answered in the affirmative by us as a consequence of the uncontroverted evidence introduced by complainant.

Complainant agreed to pay respondents $600 principal under the first contract and he has paid $609. He agreed to pay $300 under the second contract and he has paid $287. Under both contracts he agreed to pay interest after a certain time. He also agreed to pay all taxes assessed against said premises and that, if he did not pay them when due, respondents might pay them and, if they did so, the amount paid should become a part of the principal to be paid by him. The two statements sent by respondents to complainant showing the total amount due April 24, 1926, included interest and taxes for three years and notice that the tax bills for 1925-26 were to be rendered. It does not appear that respondents have paid these latter taxes as they might elect to do under the contracts. On each statement was printed: "Upon receipt of the amount of cash on or before—a deed will be sent." Complainant testified that soon after he received these statements, accompanied by his attorney and with over $200 in his pocket, he called upon the respondent Cass and told her that he wanted his deeds and upon their delivery he would pay the full amount due and that she replied she could not give him the deeds in less than a week. This bill was not filed until July 22nd, 1926. The deeds have never been tendered by respondents. The trial justice ruled that as the complainant did not make an actual tender of the money due before demanding his deeds the respondents were not in default and for this reason dismissed the bill. The sole question raised by the appeal is as to the correctness of this ruling.

Complainant's right to specific performance depends upon his performance of his contracts with respondents. This court has held that a complainant suing for specific performance must show that he has not been in default. *Doyle* v. *Harris*, 11 R. I. 539; *Bright* v. *James et al.*, 35 R. I. 128. In many cases it is stated broadly that the vendee must tender the unpaid purchase price as a prerequisite to his suit. 36 Cyc. 703; 27 R. C. L. 456. In *Doyle* v. *Harris*, *supra*, complainant did not comply with this requisite and

his suit was dismissed. *Bright* v. *James, supra,* was a bill for specific performance by a vendee against a vendor. Respondents claimed that complainant had forfeited his rights under the contract on account of his delay. The court held that the delivery of the deed and the payment of the balance of the purchase price were to be concurrent acts and that as respondents had not tendered performance on their part and demanded performance by the complainant he was not in default. The trial justice found that shortly before filing his bill complainant demanded of respondents specific performance of their contract and advised them that he was ready to perform it fully on his part. The trial justice also found that in May, 1909, complainant demanded specific performance of the contract and stated that he was ready to pay whatever balance of the purchase money might be due the respondents thereunder. He also found that complainant was able to perform his part of the contract and was entitled to have a decree for specific performance. It is to be noted that an actual tender of the balance of the purchase price was never made by complainant to respondents. In *Bergeron* v. *Redfern,* 108 A. 650, it appeared that complainant, assignee of vendee, requested respondent to convey the property to him and offered to pay, upon such conveyance being made, the balance due by the terms of the contract. The court held that complainant was entitled to the conveyance of the property. In *Guilford* v. *Mason,* 22 R. I. 422, this court sustained the contention of plaintiff that, where there are concurrent acts to be performed by each party to a contract, all that is necessary for the plaintiff to show in order to entitle him to maintain his action is that he is ready and willing to perform his part of the agreement. The court was of the opinion that the strict rule of tender did not apply to a contract like the one in suit and that it would be a too strict and harsh construction of such a contract to hold that a technical common law tender was necessary in order to save the rights of the plaintiff. The court quoted from *Smith* v. *Lewis,*

26 Conn. 119, as to the meaning of the word "tender" in the case of mutual and concurrent promises saying that it only means a readiness and willingness, accompanied with an ability on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do and a notice by the former to the latter of such readiness.   In many cases it has been held that an offer to pay by the vendee, coupled with an ability to pay on condition that the vendor concurrently performs his part by executing a deed, is a good and sufficient tender.   36 Cyc. 704;  27 R. C. L. 461.

Complainant was entitled to have delivery of the deeds upon the payment of the balance due by the terms of the contract.   On the evidence there can be no doubt that complainant was ready, willing and able to pay the balance due the respondents upon the delivery of the deeds.   The record discloses no reason why respondents should not deliver the deeds to the complainant upon receipt of the balance due them.   If respondents had a claim for taxes paid by them and not shown on their statements sent to complainant it was their duty to inform complainant of the amount.   They did not do so.   When complainant made an offer to pay respondents the balance due to them on the contracts, upon delivery of the deeds, and was ready, able and willing to do so, he made a sufficient tender to put respondents in default for nondelivery of the deeds.   Under the law and the evidence complainant is entitled to the relief prayed for in his bill of complaint.

Complainant's appeal is sustained and the decree of the Superior Court appealed from is reversed.   The parties may present to this court a form of decree in accordance with this opinion on the 4th day of January, 1928, at 10 o'clock a. m.

*Lee & McCanna, Alfred H. O. Boudreau, James L. Taft,* for complainant.

*James H. Rickard,* for respondents.