**Jefferson Trust and Savings Bank of Peoria, Appellee, v. W. Heller and Son, Inc., Appellant.**

**Gen. No. 9,238.**

Opinion filed August 16, 1938.

CASSIDY & KNOBLOCK, of Peoria, and ALVIN D. BLIEDEN, for appellant; JOHN E. CASSIDY and ALVIN D. BLIEDEN, of counsel.

THEODORE C. BAER, SHELTON F. McGRATH, and BARTLEY & YOUNGE, all of Peoria, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

On December 23, 1933, the circuit court of Peoria county rendered a judgment by confession in favor of the Jefferson Trust and Savings Bank and against W. Heller & Son, a corporation, for $8,583.30. Subsequently, on motion of the defendant, this judgment was opened up and leave granted the defendant to plead. On October 9, 1934 an unverified plea of tender was filed, which was stricken on motion of the plaintiff. On November 10, 1934 a second plea of tender supported by affidavit was filed. Nothing further seems to have been done until January 13, 1937, at which time a demurrer to the plea of tender and a motion to strike the affidavit in support thereof were filed, which motion was, on the same day, allowed, the plea stricken and leave granted defendant to file an amended plea by the following day. This was done. On January 15, 1937 defendant filed its motion to strike the affidavit supporting said amended plea. On January 25, 1937 this

motion was sustained and leave was granted defendant to file, on or before January 28, 1937, an additional plea and an amended affidavit. On that day an additional plea and affidavit were filed. On January 29, 1937 the plaintiff filed a demurrer to the plea filed January 14, 1937 and to the additional plea filed January 28, 1937 and on the same day filed its motion to strike the affidavit of merits attached to the original plea. On February 5, 1937 the motion to strike the affidavit of merits was sustained. On February 20, 1937 defendant filed, by leave of court, four additional amended pleas, to the second, third and fourth of which the court, on April 20, 1937, sustained plaintiff's general demurrer and struck, on motion of the plaintiff, the affidavit of merits to all four additional pleas. Upon this being done, plaintiff moved the court to enter an order confirming the original judgment. On April 21, 1937 defendant filed its motion for leave to file amended affidavits to its second, third and fourth additional amended pleas and with its motion tendered the affidavits of Rufus Heller, vice president of the defendant company. The court denied this motion and defendant elected to abide by its second, third and fourth additional amended pleas, whereupon the court sustained plaintiff's motion of April 20, 1937 and vacated the order opening up the judgment and staying proceedings thereunder, and ordered that the original judgment entered on December 23, 1933 in the sum of $8,583 remain in full force and effect. To review this record, defendant has prosecuted this appeal.

The fourth additional amended plea as appears from the abstract is as follows, viz: ''Defendant says that plaintiff ought not to have its aforesaid action against it because the defendant says that it, the defendant, is an Illinois corporation, incorporated April 2, 1927, with its principal place of business in the City of Peoria, Illinois; that it is engaged in the scrap iron

business and holds fee-simple title to real estate in this city of the approximate value of $80,000.00 which is used in the conduct of its business and which may be described as follows: Fifty (50) feet of even width by full depth off of southwest side of Lot Three (3) and all of Lots Four (4), Five (5) and Six (6) all in Block Seventy-four (74) in Ballances Addition to the City of Peoria, County of Peoria and State of Illinois. And it is averred that before its incorporation said business of the defendant was conducted by a certain partnership and that on August 30, 1926, the said partnership executed a certain mortgage trust deed recorded in book 250, page 252, in the office of the Recorder of Deeds of Peoria County to the State Trust & Savings Bank of Peoria, as collateral security for a certain promissory note of even date in the principal sum of $15,000.00 and by said instrument created a first lien upon the said described real estate of the defendant, the title to which real estate was then in the members of said partnership and defendant avers that said partners received no consideration for said note and trust deed but that said note and trust deed was given exclusively to serve as collateral to any and all advances of cash to be made thereafter by the State Trust & Savings Bank to the partnership and it is averred that at the time defendant acquired said real estate and ever since, it has been encumbered with said lien created by the mortgage trust deed aforesaid.

"Defendant avers that in February, 1931, the State Trust & Savings Bank ceased doing business and that then the sole indebtedness of defendant which was assumed as a result of the sole partnership indebtedness was in the sum of $8,000.00 and defendant avers that in February, 1931, there was organized a State Bank known as the Jefferson Trust & Savings Bank, plaintiff herein, and that said bank became possessed of and

acquired the assets and deposit liabilities of the State Trust & Savings Bank of Peoria and that said bank became possessed of the aforesaid mortgage trust deed and the obligation of the plaintiff in the sum of $8,000.00 and the earned interest thereof, which was the entire indebtedness of defendant or the members of said partnership to the State Trust & Savings Bank and the Jefferson Trust & Savings Bank.

"Defendant avers that from time to time thereafter the said indebtedness of $8,000.00 was renewed by defendant and evidenced by a certain promissory note in the principal sum of $8,000.00 and that the promissory note sued upon by the plaintiff herein is the note of the defendant evidencing said indebtedness.

"Defendant avers that at the time the aforesaid mortgage trust deed was executed by the members of said partnership who conducted said business that it was then agreed between the State Trust & Savings Bank and the members of said partnership that whenever the said partnership stood ready, able and willing to pay its full indebtedness to the bank that said bank would, upon request, stand ready, willing and able to return the said mortgage trust deed and release the lien upon said real estate created thereby.

"Defendant avers that the promissory note sued upon herein by the plaintiff is a part of the original agreement entered into between the State Trust & Savings Bank and the members of the partnership and that the part of said agreement to be performed by the State Trust & Savings Bank was assumed by the Jefferson Trust & Savings Bank, plaintiff herein, at the time plaintiff acquired and became possessed of the promissory note of the plaintiff and the mortgage trust deed aforesaid, and the part of the agreement to be performed by the partnership was assumed by the defendant herein. And it is averred that the promissory

note sued upon herein by the plaintiff in the principal sum of $8,000.00 evidences said agreement, originally made between the State Trust & Savings Bank and the members of said partnership, in that said promissory note has, to wit, stamped on the face of said note or, to wit, written across said note the word 'collateral,' which defendant avers has reference to the said mortgage trust deed and the agreement originally made by the said partnership which created a lien upon the real estate, the title to which is in the defendant and it is averred that said mortgage trust deed referred to has a written provision contained therein in the following words and figures: 'Provided, Always, that if the said party shall pay the said indebtedness and shall fully keep and perform all the covenants and agreements hereinbefore expressed, then this indenture shall be released, at the cost of said first party.'

"Defendant avers that on December 21st, 1933, its entire indebtedness to the plaintiff was on account of its promissory note herein in the principal sum of $8,000.00, and accrued interest of $80.00, and that on said date there was no other indebtedness of the aforesaid partnership or of the defendant to the plaintiff on any account.

"It is averred that on said date, December 21st, 1933, the defendant stood ready, able and willing to pay the plaintiff the sum of $8,080.00, and did on said date, at the regular place of business of the plaintiff, tender the sum of $8,080.00 in good and lawful money of the United States to Milton Newman, president of the plaintiff, Jefferson Trust & Savings Bank, and also offered to pay the costs for the release of said trust deed, and then and there asked the plaintiff to stand ready, able and willing to return the said instrument, to wit, mortgage trust deed, and release the lien upon defendant's property referred to herein, in accordance

with the agreement aforesaid, but defendant avers that plaintiff then and there, Jefferson Trust & Savings Bank, refused to stand ready and willing, although able, to return the mortgage trust deed to defendant and release the lien created thereby, and it is averred that defendant at all times since has stood ready, able and willing to pay the plaintiff the said sum, and has tendered the said sum of $8,080.00 to the plaintiff, and now brings into court the said sum and tenders it to the plaintiff, and offers to pay the costs for the release of said trust deed. However, it is averred that at all times since December 21st, 1933, plaintiff has refused to perform the obligation on its part to be performed on account of the agreement aforesaid, in that the plaintiff has refused to stand ready and willing, although able, to return the mortgage trust deed aforesaid and release the lien upon defendant's property created thereby, and this the defendant is ready to verify.

"Wherefore, defendant prays judgment that plaintiff ought not to have its aforesaid action to recover any greater damage than the sum of $8,080.00."

The affidavit thereto which defendant sought leave to file is as follows, viz: "State of Illinois, County of Peoria, ss. Rufus Heller makes oath and says that he is vice president of W. Heller & Son, Inc., defendant in the above-entitled cause, and duly authorized to make this affidavit; that he verily believes that it has a good defense to this suit upon the merits to a part of the plaintiff's demand, which said part amounts to $583.30 allowed as interest, costs and attorneys' fees in the confessed judgment, and the interest on the confessed judgment from the date of its entry, according to the best of his judgment and belief, and that the nature of such defense is as follows: Defendant is an Illinois corporation, incorporated April 2, 1927, with its prin-

cipal place of business in the City of Peoria, Illinois, and holds fee simple title to certain real estate. Before its incorporation defendant was a partnership. Defendant's business was conducted by a certain partnership, which partnership, on August 30, 1926, executed a certain mortgage trust deed to the State Trust and Savings Bank of Peoria as collateral security for a certain promissory note for $15,000.00, thereby creating a first lien on the partnership's property. The said partners received no consideration for said note and trust deed, but the same were given to serve as collateral to any and all future advances that might be made thereafter by the said State Trust & Savings Bank to the partnership. In February, 1931, the State Bank ceased doing business. At that time the sole partnership indebtedness was $8,000.00, which sole indebtedness was secured by the trust deed. In February, 1931, the Jefferson Trust & Savings Bank, plaintiff herein, was organized and acquired the assets and liabilities of the State Trust & Savings Bank, among which was the said indebtedness of $8,000.00 represented by a note and the $15,000.00 note and trust deed executed as aforesaid to the State Trust & Savings Bank. From time to time said indebtedness of $8,000.00 was renewed and is evidenced by the said promissory note upon which plaintiff is here suing. At the time the mortgage trust deed and note were executed it was agreed between the partnership and the State Trust & Savings Bank that whenever said partnership stood ready, able and willing to pay its full indebtedness to the bank, said bank would, upon request, stand ready, able and willing to return the said mortgage trust deed and release the lien upon said real estate created thereby. The promissory note sued upon herein by the plaintiff is a part of the original agreement entered into between the State Trust & Sav-

ings Bank and members of the partnership, and that part of the agreement to be performed by the State Trust & Savings Bank is assumed by the Jefferson Trust & Savings Bank, plaintiff herein. At the time plaintiff acquired the promissory note of defendant and the mortgage trust deed, the part of the agreement to be performed by the partnership and its rights was assumed by the defendant. The said note of $8,000.00 sued hereupon by plaintiff evidences the said agreement in that it has stamped on the face of said note the word 'collateral,' which refers to the mortgage trust deed and the agreement originally made by the partnership. The said mortgage trust deed provides that if defendant shall pay the indebtedness, and keep other covenants, the trust deed shall be released at the cost of defendant. On December 21, 1933, the entire indebtedness of the plaintiff on the note sued herein upon was $8,080.00. Said note of $8,000.00 was the only indebtedness secured by the said trust deed executed by the partnership August 30, 1926. On that date defendant tendered to Milton Newman, president of the Jefferson Trust & Savings Bank, plaintiff herein, the sum of $8,080.00, which was all that was due on said note and offered to pay the costs for release of the trust deed, and then and there asked the plaintiff to stand ready, able and willing to return the said mortgage trust deed and release the lien on defendant's property in accordance with the agreement aforesaid, but plaintiff refused to stand ready and willing, although able to return the mortgage trust deed and release the lien created thereby. Plaintiff has brought into court before and now here brings into court the said sum of $8,080.00 and tenders it to plaintiff and offers to pay the costs for release of said trust deed, and asks the plaintiff to stand ready, able and willing to return said trust deed and release the lien created

thereby. Rufus A. Heller. Subscribed and sworn to before me this 21st day of April, 1937. Cecelia Dwyer, Notary Public.''

The affidavit of merit attached to the second, third and fourth additional amended pleas was executed by Rufus Heller, and recited that he was vice president of appellant and stated that he had read the several additional amended pleas and that they were true in fact and in substance. The several affidavits of merit which appellant asked leave to file after the demurrers to the several additional amended pleas had been sustained were substantially identical and the allegations of the second and third additional amended pleas were similar to and substantially the same as those found in the fourth additional amended plea hereinbefore set forth.

The questions raised by this appeal are the sufficiency of the allegations contained in the second, third and fourth additional amended pleas to constitute a defense and whether the trial court abused its discretion in refusing appellant leave to file amended affidavits of merit in support of its additional amended pleas.

Counsel for appellee contend that the pleas demurred to alleged a conditional tender and a verbal promise which varies the terms of the note sued on, that the affidavits of merit did not state that affiant believed the defendant had a good defense as required by section 55 of the Practice Act of 1907 and that the trial court therefore did not err in refusing leave to file amended affidavits of merit as they merely repeated facts which the trial court held insufficient when it sustained demurrers to the several additional amended pleas. Counsel for appellant, on the other hand, insist that the allegations of the several pleas disclose that appellee held the promissory note sued

on; that it held also, but only as security for its payment and for the payment of no other indebtedness, a trust deed; that when the trust deed was executed it was agreed between the maker of the note sued on and appellee's predecessor in title, that it was to be held as security only for appellant's indebtedness evidenced by the note sued on and that upon the payment of that indebtedness appellee would, upon request, release the trust deed of record and return the collateral and that therefore the obligation of appellant to pay and of appellee to return the collateral and release the trust deed of record were mutual and concurrent parts of a bilateral contract and the trial court erred in holding these several additional amended pleas insufficient.

It is the law, as contended by appellee, that a tender to be good must be for a specific amount and offered without annexing any terms or conditions. *Dunbar v. Springer,* 256 Ill. 53. But it is equally well settled that this applies only where one party owes a definite amount to another and the party to whom it is due owes no obligation to his debtor because a tender may always be coupled with such conditions as the party making it has the right to impose, such as that he shall receive what the payment or a tender legally made would entitle him to, so where there is a promise to pay by one party and a concurrent promise upon the part of the other to release a trust deed at the time of payment, the tender of performance by one party conditioned upon performance by the other is sufficient because such promises are mutual and concurrent parts of a bilateral contract. *Rohn v. Heidrich,* 174 Ill. App. 423. It was there stated that a tender was not impaired by a demand for a release of a trust deed, the court holding that a tender may be accompanied with such conditions as were, by the terms of the contract, made conditions either concurrent or precedent to be per-

formed by the party to whom the tender is made. See also *Clark v. Weis*, 87 Ill. 438; *Osgood v. Skinner*, 211 Ill. 229; *Macy v. Brown*, 326 Ill. 556.

But, argue counsel for appellee, the note sued on contains an unequivocal promise by appellant to pay appellee a definite amount and the effect of the alleged verbal agreement is to vary and contradict its express and explicit terms so that appellant's obligation as so changed by the verbal agreement would read: "On demand *and return of collateral security* I promise to pay $8,000.00." In *Scholbe v. Schuchardt*, 292 Ill. 529, it appeared that the note sued on contained this marginal memorandum written on its face just below the signature of the maker: "this note is given to secure 5,000 shares of Regina Stock" and it was held that in the interpretation of the note the marginal words must be fully considered as a part of the instrument and when so considered it is apparent that the meaning of the contract was uncertain and that to ascertain its meaning it was proper to admit evidence of the parol agreement of the parties and that by the introduction of such evidence the written contract was not varied but explained and set forth in full so that its exact meaning might be understood. In the instant case the note sued on has stamped upon its face the words "collateral" and the averment of the pleas is that this has reference to the trust deed which secured its payment. The pleas also aver that this trust deed and the note of which the one sued on is a renewal were executed at the same time as a part of the same transaction and that the trust deed contained a provision to the effect that if appellant should pay the indebtedness secured thereby that then said trust deed should be released of record. The authorities are all to the effect that where contemporaneous agreements are entered into pertaining to the same subject matter, they are to be construed

together and this principle applies to notes as well as to any other contract. *Heldman v. Gunnell*, 201 Ill. App. 172 and cases therein cited; *Edward Thompson Co. v. Hunt*, 218 Ill. App. 616.

If the ruling of the trial court was correct in sustaining the demurrers to the additional amended pleas, it would have committed no error in refusing appellant leave to file the amended affidavits of merit in support of these pleas inasmuch as they set forth the same facts which were alleged in the additional amended pleas. We are of the opinion, however, that the allegations of the additional amended pleas are sufficient, when tested by appellee's demurrer thereto, and that the trial court therefore erred in sustaining the demurrer. The judgment of the circuit court entered on April 21, 1937, which vacated the order of September 25, 1934, is therefore reversed and this cause is remanded with directions to overrule the demurrer to appellee's second, third and fourth additional amended pleas and to grant appellant leave to file its several amended affidavits of merit.

*Reversed and remanded.*