674 P.2d 911

**In Re the Marriage of Linda Adell DULL, Petitioner-Appellee,**

v.

**Earl Monroe DULL, Respondent-Appellant.**

**No. 1 CA–CIV 6800.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 30, 1983.

**358**

Ron Bailly, Mesa, for petitioner-appellee.

Andrews, Marenda & Moseley, P.A. by M.B. Moseley, Phoenix, for respondent-appellant.

## OPINION

KLEINSCHMIDT, Judge.

This case presents the question of when a conditional tender of payment will stop the running of interest on a debt due. This appeal grows out of an earlier case we decided, *Dull v. Dull,* 1 CA–CIV 5186 (Ariz. App. Dec. 1, 1981). In that action the wife had filed for dissolution of marriage. The trial court entered a decree dissolving the marriage which also divided the marital property and ordered that the husband should receive the couple's residence on condition that he pay $28,000 on or before September 24, 1979. The wife had the right to occupy the house until such time as the husband paid for it. If the husband did not timely pay the amount specified the wife had the option of purchasing the house herself.

Prior to September 24, 1979, the husband tendered a cashier's check in the amount of $28,000 and requested that the wife execute a quitclaim deed for the premises and that she vacate.[1] The wife rejected the tender and shortly thereafter she appealed the terms of the dissolution decree. The trial court set a supersedeas bond of $10,000 which allowed the wife to remain in the residence pending appeal. On appeal the wife contested the award of the home to the husband, contested the award of child support and argued that the marital property had not been divided equitably. This court disagreed with all of the wife's contentions but remanded to the trial court with respect to the proper disposition of the supersedeas bond stating:

> The Husband has requested that this court order a forfeiture to the Husband of the $10,000 supersedeas bond to compensate him for the loss of use of the home awarded to him in the decree. It appears that the Wife has retained pos-

---

1. The letter which contained the request for a quitclaim deed was never formally admitted in evidence and while the appellant points this out his brief addresses the issue as though the trial judge considered its content. We assume that the trial judge considered the terms of the letter because that is the only thing upon which his conclusion that the tender was conditional could logically be based. The condition that the wife vacate the residence is inferred from the fact that the decree gave her the right of occupancy only until the husband tendered the purchase money. The demand for a quitclaim deed is likewise reasonably encompassed within the spirit of the court's order awarding the house to the husband.

session during the time this appeal has been pending.

The Wife answers this request by presenting the argument that she is entitled to be compensated for her loss of interest on the $28,000 the court ordered the Husband to pay her to even up the distribution of the community assets.

This court is not designed to hold evidentiary hearings in such matters, and we must therefore remand these issues to the trial court for an evidentiary hearing with directions to the trial court to make a decision on the proper disposition of the supersedeas bond.

The trial court held an evidentiary hearing with respect to these issues and entered a judgment to the effect that the husband owed interest on the $28,000 during the pendency of the appeal because his tender of that amount was conditional. The husband now appeals this ruling.

The wife urges that the tender was indeed conditional because it was accompanied by a demand for a quitclaim deed and because, had she accepted the $28,000 and signed a quitclaim deed, she would have had to vacate the residence. We reject her argument and reverse the ruling of the trial court.

A tender, to stop the running of interest on a judgment, must be unconditional. *Welch v. McClure,* 123 Ariz. 161, 598 P.2d 980 (1979); *Peterson v. Central Arizona Light & Power Co.,* 56 Ariz. 231, 107 P.2d 205 (1940). A tender is not conditional, however, if the condition is one which the person making the tender has a legal right to insist upon. *Plank v. Arban,* 241 So.2d 198 (Fla.App.1970); *Jefferson Trust & Savings Bank v. W. Heller & Son,* 296 Ill.App. 447, 16 N.E.2d 433 (1938); *Jacoby v. Rosebrock,* 117 Ind.App. 435, 70 N.E.2d 766 (1947); *Woods v. Dixon,* 193 Or. 681, 240 P.2d 520 (1952); *Ruscon Construction Co. v. Beauford-Jasper Water Authority,* 259 S.C. 314, 191 S.E.2d 715 (1972). The requirement that the wife execute the deed and vacate the premises was part and parcel of the court's decree. It was not some condition tacked on by the husband to gain some advantage or thing of value which he did not already have a right to by virtue of the court's existing order. The tender was simply not conditional.

We do not deal with the merits of the appellant husband's second grounds for reversal, i.e., that a judgment creditor who appeals unsuccessfully is not entitled to interest on the judgment during the pendency of an appeal regardless of whether or not the judgment debtor tenders the sum due. In view of our ruling, it is not necessary to do so and a review of the record shows that this issue was not raised in the trial court in any meaningful way. *See Fendler v. Phoenix Newspapers, Inc.,* 130 Ariz. 475, 636 P.2d 1257 (App.1981).

The judgment of the trial court is reversed.

GREER and JACOBSON, JJ., concur.