[L. A. No. 532.   Department Two.—September 15, 1899.]

## M. M. HAYS, Appellant, v. EUGENE R. PLUMMER et al., Respondents.

NEGOTIABLE INSTRUMENTS—INDORSEMENT—ASSIGNMENT OF NOTE AND MORTGAGE.—A negotiable note can only be transferred by indorsement of the note, or of an *allonge* attached thereto so as to form part of it, if necessary, in order to carry the qualities and incidents of negotiable paper to the indorsee; and where a note negotiable in form is secured by a mortgage, an assignment of the note and mortgage made by a separate instrument without indorsement of the note will not protect the assignee against equities and defenses existing in favor of the maker against the payee of the note.

ID.—NOTE AND MORTGAGE TO CONTRACTOR—FAILURE OF CONSIDERATION.—Where a negotiable note and a mortgage to secure the same was given to a contractor, in consideration of his agreement to construct buildings on a lot of the maker, and the contractor failed to construct the buildings, the maker of the note and mortgage may plead the failure of consideration against an assignee of the note and mortgage who took before maturity

under a mere separate assignment thereof, without indorsement of the note.

ID.—ASSIGNMENT BEFORE BREACH — NOTICE. — The assignment of the note and mortgage before breach of the contract by the contractor does not protect the assignee against the defense of failure of consideration arising from a subsequent breach, especially if such breach was committed prior to notice of the assignment.

ID.—EVIDENCE — AGREEMENT BETWEEN ASSIGNOR AND ASSIGNEE — SECURITY FOR BORROWED MONEY.—Evidence is not admissible to show that it was agreed between the assignor and assignee of the note and mortgage that the latter might use the note and mortgage as security for borrowed money.

ID.—BOND OF CONTRACTOR.—The bond of the contractor for the completion of his contract is a distinct instrument from the note and mortgage given to him by the owner of the lot, and is not admissible in evidence in an action on the note and mortgage by an assignee thereof, in which the defense of want or failure of consideration of the note is pleaded by the owner of the lot.

APPEAL from a judgment of the Superior Court of Los Angeles County and from orders denying a new trial, and denying a motion to vacate the judgment for defendants, and to enter a judgment for the pláintiff. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Murphy & Gottschalk, for Appellant.

R. Dunnigan, and H. L. Dunnigan, and Dunnigan & Dunnigan, for Respondents.

McFARLAND, J.—Action upon a note and mortgage made and executed August 5, 1896, by the defendants Eugene R. Plummer and his wife, Maria A. Plummer, to the defendant John P. McCormick, and assigned by him August 14, 1896, to plaintiff. Judgment was rendered in favor of the Plummers, and from this judgment and from an order denying a new trial, and also from an order denying plaintiff's motion to vacate the judgment and to enter a judgment for plaintiff under section 663 of the Code of Civil Procedure, plaintiff appeals.

On the said fifth day of August, 1896, the defendant Eugene R. Plummer entered into a written contract with the defendant McCormick, by which the latter agreed to construct and complete certain buildings on a lot owned by the former for a

certain sum of money—the buildings to be commenced within
ten days and finished within fifty days.  It was recited in the
contract that Plummer had given a note secured by a mort-
gage on the lot for the amount to be paid for the buildings,
and he did give such note and mortgage on said day in consid-
eration of McCormick's promise to construct the buildings.
McCormick agreed to give a bond for his performance of the
contract.  The note was on its face negotiable in form—being
payable to McCormick or order; but the mortgage referred to
the note and contained some stipulations which, if expressed
on the face of the note, would, perhaps, have made the latter
non-negotiable.  On the 14th of the month, plaintiff loaned
McCormick five hundred dollars, for which he took the latter's
note, and to secure the loan McCormick assigned to plaintiff
the note and mortgage above mentioned, and upon which this
suit is brought.  At the time of the assignment plaintiff knew
all the facts as above stated, and knew that the consideration
for the note and mortgage was the promise of McCormick to
construct the buildings.  McCormick did not construct the
buildings within the time mentioned, or at any time.  There
was no indorsement of the note by McCormick; but the as-
signment of the note and mortgage was made by means of a
separate written instrument.  The Plummers set up a failure
of consideration as a defense to the action.

The first question is, whether plaintiff is in the position of
one who has taken in due course a negotiable instrument be-
fore maturity freed from any equities between the original par-
ties, or whether he merely stands in the shoes of McCormick.
Counsel for respondent contends that, even if the note be con-
sidered negotiable, as plaintiff knew its consideration when he
took it, he is liable to defendants' claim of want of considera-
tion, and, moreover, that under our peculiar statutory pro-
vision (Code Civ. Proc., sec. 726) that there shall be only one
action for the recovery of a debt secured by mortgage in which
the mortgage must be foreclosed before there can be a personal
judgment, a note, though in form negotiable, is in law not
negotiable if secured by a mortgage of even date, which makes
it payable primarily out of a peculiar fund—at least as against
one having knowledge of the mortgage; but we need not ex-

amine these contentions because, for another reason, plaintiff is not in the position of a holder in due course of negotiable paper. An instrument payable to a certain person or order can take its place in the hands of a subsequent holder with the peculiar qualities and incidents of negotiable paper only where it has been regularly indorsed; and such indorsement can be made only by the writing of the indorser's name on the back of the instrument, if there be room to do so, and, if not, then on a paper so attached to it as in effect to become part of it—called sometimes an *allonge.* Whether or not a name written on the face of the note might not in some instances be an indorsement need not be discussed; at all events, the name must be so written as to become, in effect, a part of the instrument. This is not only the rule under the general authorities, but it is so declared by our code. (Civ. Code, sec. 3110.) In the case at bar, there was merely an assignment of the mortgage and note made on a separate writing, without indorsement on the note. The general rule that such assignment without indorsement did not give plaintiff the rights of an indorser in due course is elementary. In Story on Promissory Notes, seventh edition, section 120, the author, speaking of a note payable to a person or his order, says: "If there be an assignment thereof without an indorsement, the holder will thereby acquire the same rights only as he would acquire upon an assignment of a note not negotiable." Many of the authorities on the point are collated in notes to Randolph on Commercial Paper, sections 788 and 789, second edition, and the rule is stated in the text as follows: "If a bill is payable to order, and transferred without indorsement, its transfer will be subject to defenses existing against the transferrer. . . . . An assignment, in like manner, unaccompanied by indorsement, is subject to defense. This is true, for instance, where the assignment is contained in an assignment of the mortgage securing the note" (paragraph 788), and in paragraph 789 it is stated: "Unless a bill or note is payable to bearer, its indorsement is necessary to constitute the holder a *bona fide* holder in due course of business; and the absence of such indorsement amounts to a notice of equities, and leaves the paper subject to defense in the hands of such holder." Many of the authorities are also cited

in *Franklin v. Twogood*, 18 Iowa, 515, where the rule as stated in the above quotation from Story is declared. Authorities to the point are also cited in *Osgood v. Artt*, 17 Fed. Rep. 575, where Mr. Justice Harlan says: "It is a settled doctrine of the law merchant that the *bona fide* purchaser for value of negotiable paper, payable to order, if it be indorsed by the payee, takes the legal title unaffected by any equities which the payor may have as against the payee. But it is equally well settled that the purchaser, if the paper be delivered to him without indorsement, takes by the law merchant only the rights which the payee has, and, therefore, it is subject to any defense the payor may rightfully assert as against the payee."

Plaintiff, therefore, stands in the shoes of McCormick, and the Plummers have all the defenses against the former that they would have in a suit brought by the latter; and the failure of the consideration for which the note was given is clearly a legal and just defense. The case cited by appellant, where it was held that an absolute and unconditional executed conveyance in fee of land is not invalid because the grantee fails afterward to pay the purchase price, is not in point; here there was a mere executory promise to pay, with an incidental mortgage which is not a conveyance. Nor is there anything in the point that plaintiff took the note before any actual breach of the contract; in the first place, he took it with knowledge that a failure to construct the buildings would be a defense to a suit on the note, and, in the second place, there was no notice of the assignment given to Plummer until the first interest became due, which was long after the breach, and the defense therefore was one "existing . . . . before notice of the assignment." (Code Civ. Proc., sec. 368.)

The court did not err in ruling out evidence that there was an understanding between Plummer and McCormick that the latter might use the note and mortgage as security for borrowed money; that did not change the fact that plaintiff took the note and mortgage simply for what it was worth as security, having knowledge of the consideration for the note as above stated.

Neither did the court err in sustaining an objection to plaintiff's offer to prove that McCormick had given a bond as pro-

vided by the contract, and that Plummer had commenced an action against McCormick and his surety on the bond, and had recovered judgment. The bond provided for in the contract was merely "for the faithful performance of this contract, and for the payment of all labor and material furnished him in the erection, construction, and completion of the buildings erected under this agreement." The bond was a distinct instrument from the note and mortgage, and merely provided for such damages as Plummer might suffer from a failure of McCormick to complete the work, or from his failure to pay for labor, materials, et cetera; and a recovery upon such a bond would be for damages not connected with the note and mortgage, and having no relation to a defense of want of consideration in a suit brought upon the note.

The judgment and orders appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.