[Civ. No. 5144. First Appellate District, Division Two.—June 8, 1925.]

THE FIRST NATIONAL BANK OF CARUTHERS (a National Banking Association), Respondent, v. U. J. CLIFTON, Appellant.

[1] PROMISSORY NOTE—BREACH OF AGREEMENT TO INDORSE—CONSIDERATION—DAMAGES.—One who breaches his promise to indorse a negotiable instrument is liable for damages, if his promise be supported by a sufficient consideration, and agreement to indorse a note executed by another, if the payee will extend the time of payment of a loan to the maker, is supported by a sufficient consideration.

[2] ID.—OFFER AND ACCEPTANCE—EXTENSION OF LOAN.—Conceding that defendant's offer to indorse the note with a designated other person did not constitute an acceptance of plaintiff's offer to extend the loan if defendant would indorse the note, that did not release defendant from liability where plaintiff within a reasonable time after receiving defendant's offer and before its withdrawal, accepted said offer and extended the loan.

[3] ID.—GUARANTY BY ANOTHER—ASSUMPTION OF LARGER RESPONSI-
BILITY—RELEASE OF DEFENDANT.—The fact that said other person
did not indorse the note, but appended his signature thereto as
a guarantor, thereby assuming a larger responsibility than specified
by defendant, did not relieve defendant from liability upon his
agreement to indorse the note.

(1) 8 C. J., p. 356, n. 68.    (2) 8 C. J., p. 356, n. 68.    (3) 8 C. J.,
p. 356, n. 68.

APPEAL from a judgment of the Superior Court of
Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur Allyn for Appellant.

Milton M. Dearing and Robert M. Thomas for Respondent.

LANGDON, P. J.—Defendant has appealed from a judg-
ment against him in an action brought by the plaintiff to
recover damages for breach of a contract by which defend-
ant promised to indorse the note of the Bethel Vineyard
Company in consideration of a renewal of a loan by the
plaintiff bank to said company.

The trial court has found that on the twenty-fourth day
of November, 1922, Bethel Vineyard Company was indebted
to plaintiff in the sum of one thousand dollars upon two
promissory notes; that at the time Bethel Vineyard Com-
pany was a vendee under a contract to purchase from de-
fendant certain real property in the county of Fresno; that
said Bethel Vineyard Company upon said day applied to
plaintiff for an extension of said loan for one year; that
plaintiff was unwilling to grant such extension of said loan in
the form in which said loan then stood and upon the security
plaintiff then had, but said Vineyard Company represented to
plaintiff that if it would grant such extension of said loan,
said company would give to plaintiff a new note for said
loan and that one K. Horita and the defendant U. J. Clif-
ton would indorse such new note and that said Vineyard

Modification of contract as releasing guarantor, note, 43 A. L. R.
1368.

3. See, also, 13 Cal. Jur. 116; 12 R. C. L. 1083.

Company would give to plaintiff for the purpose of securing said note a crop order on the Raisin Growers' Association for forty per cent of the proceeds of the raisin crop produced upon the land during the year 1923 and that said defendant would indorse said order; that plaintiff agreed to extend said loan for one year upon the said conditions and, thereupon, and on the same day, plaintiff addressed and mailed to defendant the following letter: "We are informed that you are the owner of the land which is being operated by the Bethel Vineyard Company. They owe us at the present time $1,000, and do not seem to have received crop sufficient to liquidate the loan this year and ask for an extension. We do not feel justified in carrying this another year under the present security, as they are only purchasing it under contract, and understand that they still owe you $13,000 and interest. Therefore, we have agreed to renew the loan for another year, if you will endorse the note with a crop order on the 1923 crop for the 40% they are to receive, as we feel that you are amply protected in the matter, as you have it under your thumb, so as to speak, that they will have to pay over the money.

"Mr. Horita was in today and I agreed to renew the loan with that understanding, while we must say that we are reluctant about renewing it, as $700 has now matured the second fall."

A few days later, the foregoing letter was returned to plaintiff by defendant with the following statement, signed by defendant, written on the back of said letter: "I will indorse the note with a crop order for the 40% of the crop of 1923 with Mr. Horita."

It was further found that upon receipt of this communication from defendant, plaintiff extended said loan for one year and made out a new note therefor and said Horita indorsed the new note which is set forth in the findings; that in extending the loan plaintiff relied upon defendant's agreement to indorse the note and the extension was made within a reasonable time after defendant's said promise to indorse the note and before any notice of the withdrawal of defendant's agreement had been received by plaintiff, and that within a reasonable time thereafter plaintiff presented a new note to defendant and requested defendant to indorse said note; that defendant failed and refused to indorse

said note in any manner or form, and still fails and refuses to do so; that said note has never been paid and the Bethel Vineyard Company and Horita are insolvent and the note cannot be collected from either of them; that in August, 1923, defendant brought an action against the Bethel Vineyard Company to quiet his title to said property and took possession of the crops upon said land and delivered them to the Sun Maid Raisin Company and has collected all the proceeds of said crops.

[1] Appellant admits that there is ample authority fixing liability for damages upon one who breaches his promise to indorse a negotiable instrument, if his promise be supported by a sufficient consideration. In the instant case, defendant promised to indorse the note as a consideration for the extension of the loan. He wrote, agreeing to do so "with Mr. Horita." Acting upon this offer, the bank renewed the loan, canceling the old notes and accepting a new note of the company upon which appears the signature of K. Horita. This note was presented to defendant for his signature. According to his own testimony, he refused either to "endorse or guarantee or sign it in any way." Later, when defendant called at the bank and was asked by one of its officers to indorse the note, he refused again and the court has found that defendant refused to indorse said note in any manner and form. These facts are so simple that there scarcely seems to be a basis for argument about many of the matters discussed in the brief for appellant. [2] It is strenuously contended that since plaintiff asked defendant to indorse the note and he replied that he would indorse "with Mr. Horita" that he did not accept plaintiff's offer. Conceding this, it is nevertheless true that after defendant agreed to indorse "with Horita," the bank accepted this offer by acting upon it within a reasonable time and before its withdrawal, according to the findings. [3] It is next contended that Horita did not indorse the note; that his signature was appended to the note as a guarantor. Horita's signature appears on the note after the following statement: "For value received, I hereby guarantee payment of the within note at maturity, or at any time hereafter, with interest at the rate of eight per cent per annum until paid, waiving demand, notice of non-payment and protest." Defendant's complaint seems to be that Horita assumed

even a larger responsibility than he would have assumed as an indorser, all of which was to the benefit of defendant. As a general indorser, Horita would have engaged that on due presentment the instrument should be accepted and paid, and that if it was dishonored and the necessary proceedings on dishonor were duly taken, he would pay the amount thereof to the holder. (Sec. 3147, Civ. Code.) But Horita signed a contract, making himself liable immediately upon default of the principal and without demand or notice. (Sec. 2087, Civ. Code.) The greater liability must include the lesser, and in the contract of guaranty every liability of an indorser was included and some of an indorser's privileges abrogated.

If it be contended that the contract could not be varied in any particular even to the advantage of the defendant, we are faced with a situation where no prejudice resulted to defendant by treating Horita's guaranty as a general indorsement upon the note, because the court has found that both the maker of the note and Horita are insolvent and that the note cannot be collected from either of them. Therefore, defendant has not been prejudiced by reason of the fact that Horita was not, strictly speaking, an indorser. Defendant had as much right against Horita as a guarantor as he would have had against him as a prior indorser, and neither right had any value when he was insolvent. In other words, since Horita was insolvent, whether he was a prior indorser or a guarantor, defendant would have been called upon to pay the note had he fulfilled his contract and indorsed the same. The judgment awards to plaintiff, as damages for breaching this contract, the amount of the note and interest which plaintiff has been unable to collect either from the maker or the guarantor.

There are no other matters requiring discussion and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1926.

All the Justices present concurred.