## Lyons et al. v. Hager's Adm'r.
March 3, 1939.

WHEELER & WHEELER for appellants.

R. D. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Boyd Circuit Court sitting in equity. The Graysonia Realty Company was indebted to the Paintsville National Bank in the sum of $5000 on a demand note dated May 14, 1926, and in the sum of $1500 on a note dated April 14, 1927, due in ninety days. On May 20, 1927, the following self-explanatory instrument was executed:

"Paintsville, Ky.
May 19, 1927

"The Graysonia Realty Company is indebted to the Paintsville National Bank in the sum of

$6500.00 evidenced by two notes, one of $5000.00, dated May 14, 1926, due on demand, and one of $1500.00 dated April 14, 1927, due 90 days, both endorsed by Jno. F. Hager and Jas. W. Turner. For the purpose of consolidating and renewing said indebtedness a new note of the Graysonia Realty Company has been executed for $6500.00, dated Dec. 31, 1926, due one year from date, secured by second mortgage on Community house in the Graysonia Addition to Ashland, Kentucky. In the consideration of extending the time of payment of said indebtedness the undersigned Jas. W. Turner and Jno. F. Hager hereby agree that they are liable on said note of $6500.00 as endorsers, though their name does not appear on the note itself.

"This May 20, 1927.

"Jno. F. Hager
"Jas. W. Turner."

The note of the Graysonia Realty Company, with no indorsements thereon, was delivered to the bank. The instrument quoted above was not attached to the note but was kept by the bank in a separate file. On December 31, 1927, when the note became due, a new note for $6500 payable on demand was executed for the Graysonia Realty Company and signed by James W. Turner, its vice-president, and the note of December 31, 1926, was held by the bank as collateral thereon. No payments of principal or interest were indorsed on the note of December 31, 1926, except the one payment of interest made at its maturity on December 31, 1927. The note of December 31, 1926, was not protested and it is not contended that the decedent, John F. Hager, received notice of dishonor or of non-payment.

John F. Hager died on November 17, 1933, and the appellee was appointed as his administrator on November 27, 1933. The appellants, trustees of the Paintsville National Bank, filed proof of claim on the note and writing quoted above with the appellee on March 27, 1934. This suit to settle Judge Hager's estate was filed on October 17, 1935, and on June 27, 1936, appellee asserted a plea of the statute of limitations, Kentucky Statutes, section 2515, in bar of the claim of the trustees of the bank based on the note of December 31, 1926. The claim of appellants was disallowed by the master commissioner and exceptions to his report were over-

ruled by the chancellor. This is the only ruling complained of on this appeal.

Appellants argue: (1) That the writing dated May 20, 1927, was in effect a guaranty and that notice of dishonor was not necessary in order to hold the signers; and (2) that the statute of limitations does not apply because interest was paid semi-annually until Judge Hager's death in 1933 (it will be observed that these payments were made and credited on the demand note executed December 31, 1927, and not on the note dated December 31, 1926.)

It may be remarked at the outset that Judge Hager was a lawyer of ability and it must be presumed that he intended that the instrument signed May 20, 1927, should mean what it said. There is no room for construction other than to accept the literal meaning of the language used which was that the signers "hereby agree that they are liable on said note of $6500.00 *as endorsers,* though their name does not appear on the note itself." It is true that an indorsement "must be written on the instrument or upon a paper attached thereto." Kentucky Statutes, section 3720b-31. Neither Judge Hager nor Mr. Turner were indorsers under the Negotiable Instruments Law. On the other hand, we know of no rule of law or of public policy, and we are referred to none, which would make an agreement to be liable "as endorsers" invalid. Compare: Bank of Wilmington & Brandywine v. Houston, 1 Har., Del., 225.

It will be observed that both Judge Hager and Mr. Turner were already indorsers on the two notes which were combined in the note of December 31, 1926. Plainly, the writing here involved was intended merely to extend that liability to the $6500 note. Even if the instrument required construction and was not perfectly plain on its face, this would be a potent circumstance to indicate the intention of the parties.

For the purposes of this case we may consider the liability of Judge Hager just as though his name were written on the note itself even though in fact it was not. An indorser warrants, among other things, that if the instrument be dishonored "and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder." Kentucky Statutes, section 3720b-66. It is provided by section 3720b-83 that: "The instrument is dishonored by non-payment when: **(1) It**

is duly presented for payment and payment is refused or can not be obtained; or (2) Presentment is excused and the instrument is overdue and unpaid." The note of December 31, 1926, was made payable at the bank so that formal presentment was not necessary. Kentucky Statutes, section 3720b-87. But notice of dishonor certainly was required. Kentucky Statutes, section 3720b-89.

Appellants seek to avoid the necessity of notice of dishonor by relying on Section 3720b-115, which dispenses with notice "where the endorser is the person to whom the instrument is presented for payment." They urge that the note of December 31, 1926, was executed by the Graysonia Realty Company by John F. Hager, president. It will be observed, however, that the note was not presented to Judge Hager but was in the bank on the date of its maturity. Obviously, section 115 of the Negotiable Instruments Law contemplates a situation where an instrument has actually been presented for payment to the very person who is likewise an indorser. It would, of course, be idle in such a situation to require notice in addition to the presentment. Here, however, Judge Hager was not "the person to whom the instrument [was] presented for payment" but presentment was made at the bank. We conclude, therefore, that section 115 does not apply and that notice of dishonor was essential.

The case of Bessenger v. Wenzel, 161 Mich. 61, 125 N. W. 750, 27 L. R. A., N. S., 516, relied on by appellants, is not in point. In that case, there was an oral waiver of presentment and notice of dishonor before maturity while no such waiver is pleaded or proved in the case before us. Plainly, Judge Hager was entitled to notice of dishonor and he was discharged from liability when it was not given.

The demand note, dated December 31, 1927, was executed by the Graysonia Realty Company by Jas. W. Turner, vice-president. If this note was accepted in payment of the previous note, and it apparently was or it would not have been executed, it seems clear that Judge Hager was not only discharged from further personal liability but that this may have been intended. The parties evidently realized the legal effect of their actions for they were careful to execute the instrument of May 20, 1927, to extend their liability as indorsers

when the two previous notes that they had signed were combined into one. We are not authorized to place a different interpretation on the action taken in December, 1927, from the interpretation which the parties themselves deemed proper in substantially the same situation which existed when the instrument here involved was executed. The assumption of liability "as endorsers" can only mean that the "necessary proceedings on dishonor be duly taken" before that liability would become fixed.

Since we have concluded that Judge Hager was entitled to notice of dishonor of the note dated December 31, 1926, it is unnecessary to consider the plea of limitations. It will be observed, however, that payments of interest on the instrument dated December 31, 1927, could not serve to suspend the running of the statute of limitations against the obligations assumed on the note of December 31, 1926.

Judgment affirmed.