[Civ. No. 22478.   First Dist., Div. One.   Jan. 28, 1966.]

JOHN LOPEZ et al., Plaintiffs and Appellants, v. MILO V. PUZINA et al., Defendants and Respondents.

John M. McKenna and George Olshausen for Plaintiffs and Appellants.

Philip N. Schmidt for Defendants and Respondents.

MOLINARI, J.—Plaintiffs, John and Emanuela Lopez, as holders of a promissory note, brought this action against defendants, Milo and Nora Puzina, as alleged endorsers of this note.[1] From the judgment of nonsuit entered against them plaintiffs appeal. The sole issue presented is whether defendants are endorsers of the subject note so as to give plaintiffs a right to recover against them upon the refusal of the makers to pay.

The subject note dated July 15, 1958 in the principal sum of $4,298.26, payable to the order of Anthony Joseph Caruso and Marie Doris Caruso, his wife, was executed by Robert W. Lesco and Willa Mae Lesco, his wife, and delivered to said payees. The note recited that it was secured by a deed of

---

[1]Plaintiffs' complaint also named as defendants Robert W. Lesco and Willa Mae Lesco, the makers of the subject note. However, according to the pretrial order, the makers were not served in this action and therefore were not parties at the trial. References to defendants are, accordingly, to the Puzinas.

trust. The Carusos subsequently assigned the note to the Puzinas without recourse by an assignment affixed to the note. Thereafter, on July 23, 1958, the Puzinas delivered the note to plaintiffs as part payment for a parcel of real property sold by plaintiffs to the Puzinas. No endorsement or assignment was endorsed upon or physically affixed to the note. At the time the note was delivered to plaintiffs the Puzinas executed an "Assignment of Deed of Trust," which recited that the Puzinas, as present beneficiaries of the deed of trust dated July 15, 1958, which was executed by the Lescos and given to secure the payment of a promissory note for the sum of $4,298.26,[2] by "mesne assignment" "have endorsed, assigned and transferred and do hereby assign, transfer and set over unto John Lopez and Emanuela Lopez, his wife, in joint tenancy the said Deed of Trust and all right title, and interest in and to the real property thereby conveyed, together with the promissory note therein mentioned and all monies due or that may hereafter become due thereunder. . . ."

When the note became due and payable on July 15, 1963 it was presented by plaintiffs to the Lescos for payment of the face amount, plus interest then due in the sum of $1,719.30. Payment having been refused, plaintiffs brought the instant action on the subject note against the Lescos, as makers, and the Puzinas upon a complaint alleging that the Puzinas were endorsers of the note. A demurrer to the complaint, interposed by the Puzinas, was overruled and the cause proceeded to trial against them. At the conclusion of plaintiffs' case the Puzinas made a motion for nonsuit which was granted and judgment was entered thereon.

In order to hold defendants liable on the subject promissory note as endorsers thereof it was incumbent upon plaintiffs to establish that the note was endorsed by defendants. At all times relevant to this action Civil Code section 3112[3] provided for the manner by which an endorsement must be made as follows: "The indorsement must be written on the instrument itself or upon a paper attached thereto."[4] In the

---

[2] Reference was also made to date, place, and book in which said deed of trust was recorded.

[3] Unless otherwise indicated all statutory references are to the Civil Code.

[4] This statute was superseded as of January 1, 1965 by section 3202 of the Commercial Code, which provides that "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." (Subd. (2).)

instant case there is no endorsement on the note itself. It is contended by plaintiffs, however, that the endorsement of the note is to be found on the instrument entitled "Assignment of Deed of Trust," bearing defendants' signatures and providing in the language hereinabove set out verbatim that they had "endorsed," assigned and transferred to plaintiffs the subject deed of trust together with the promissory note therein mentioned. It should be noted here that it is not contended by plaintiffs that the subject "Assignment of Deed of Trust" was physically attached to the subject promissory note.[5]

The crucial question presented, accordingly, is whether a promissory note can be endorsed by an instrument which is separate from the note. The only California case discussing this question which has come to our attention is *Hays* v. *Plummer*, 126 Cal. 107 [58 P. 447, 77 Am.St.Rep. 153]. There the plaintiff, to whom the defendants' note had been transferred by a separate instrument which assigned the note and mortgage securing it, sought to recover against the defendants as the makers of the note. No endorsement was made on the note by the assignor. Defendants had defenses which were not good against an endorsee but which were good against an assignee. The Supreme Court, in holding that the transfer was that of an assignment and not an endorsement and that defendants could therefore assert their defenses, discussed the requirements for an endorsement as follows: "An instrument payable to a certain person or order can take its place in the hands of a subsequent holder with the peculiar qualities and incidents of negotiable paper only where it has been regularly indorsed; and such indorsement can be made only by the writing of the indorser's name on the back of the instrument, if there be room to do so, and, if not, then on paper so attached to it as in effect to become part of it—called sometimes an *allonge*. Whether or not a name written on the face of the note might not in some instances be an indorsement need not be discussed; at all events, the name must be so written as to become, in effect, a part of the instrument. This is not only the rule under the general authorities, but it is so declared by our code. (Civ. Code, § 3110.) In the case at bar, there was merely an assign-

<hr>

[5]No such contention is made in plaintiffs' briefs. At oral argument plaintiffs conceded that they had no proof that the documents were attached at the time of the execution of the transferring instrument.

ment of the mortgage and note made on a separate writing, without indorsement on the note." (P. 110.)

Plaintiffs cite several cases from other jurisdictions in support of their contention that an endorsement of a promissory note may be effectively made on a paper or instrument which is not attached to the note. Only two of these cases, *Mosely* v. *Graydon* (1849) 4 Strobh. L.R. (S.C.) 7, and *First Nat. Bank of Bowie* v. *Bell* (Tex.Civ.App.) 88 S.W.2d 119, actually support plaintiffs' position. *Mosely* held that the holder of a note, claiming to be an endorsee under a separate writing which identified the note, may sue and recover as an endorsee. It should be noted, however, that *Mosely* did not involve a statute similar to section 3112. In *First Nat. Bank,* the original payee of a note assigned by written contract all of its assets, including the note, to the plaintiff, but no endorsement was made on the note itself. It was there held that the execution of the contract was a substantial compliance with the negotiable instruments act requiring that the payee's " 'indorsement must be written on the instrument itself or upon a paper attached thereto.' " (Pp. 122-123.)

The holdings in *Mosely* and *First Nat. Bank* represent the minority rule, the general rule followed by most jurisdictions, including California, being that an endorsement must be written on the instrument itself or on a paper attached or annexed thereto in order to effectively charge one with the liability of an endorser, or to give rights of an endorsee. (See 56 A.L.R. 921; 10 C.J.S., Bills and Notes, § 207, p. 692; 8 Am.Jur., Bills and Notes, § 318, p. 53.)

The case of *Heister* v. *Gilmore,* 5 Phila.Rep. 62, does not support plaintiffs' position, but is, rather, in accord with the general rule. There the defendant, who was being sued as the endorser of two notes, had placed his signature on separate pieces of paper fastened to the notes with pins. The court held that the defendant's signature on these *"allonges"* constituted effective endorsements of the notes.

Strong reliance is placed by plaintiffs on *Lyons* v. *Hager's Admr.,* 278 Ky. 99 [128 S.W.2d 196], where by a separate writing one Hager and one Turner agreed that they would be liable on a note executed by The Graysonia Realty Company to Paintsville National Bank " 'as endorsers, though their name does not appear on the note itself.' " (P. 197 [128 S.W.2d].) This instrument had been executed in consideration of the renewal of a note executed by Graysonia in favor of the bank. The new note of Graysonia, with no endorse-

ments thereon, was delivered to the bank. The subject writing was not attached to the note but was kept by the bank in a separate file. In an action against Hager's estate upon a rejected claim on said note and writing, liability of an endorser was fastened upon said estate. *Lyons* is distinguishable on the basis that liability was fastened upon the estate not on the basis that Hager was an endorser of the note but on the basis of the *agreement* which provided that Hager would be liable as an endorser. The reviewing court stated: "It is true that an indorsement 'must be written on the instrument or upon a paper attached thereto.' Ky. Stats., § 3720b-31. Neither Judge Hager nor Mr. Turner were indorsers under the Negotiable Instruments Law. On the other hand, we know of no rule of law or of public policy, and we are referred to none, which would make an agreement to be liable 'as endorsers' invalid." (P. 197 [128 S.W.2d].)

Reliance is also placed by plaintiffs upon *First Nat. Bank* v. *Clifton,* 73 Cal.App. 157 [238 P. 371]. This case is readily distinguishable from the case at bench since it was not an action upon a promissory note seeking to charge liability upon the defendant as an endorser thereof. Rather it involved an action to recover *damages for breach of contract* by which contract the defendant promised to endorse the note of a company in consideration of a renewal of a loan by the plaintiff bank to said company. Liability was predicated upon the principle that one who breaches his promise to endorse a negotiable instrument is liable for damages, if his promise be supported by a sufficient consideration.

Plaintiffs also contend that when one document refers to another the law treats them as a single instrument. The cases which they cite in support of this proposition[6] are declarative of the general rule applicable to the interpretation of contracts that two or more written instruments relating to the same subject matter and executed as parts of substantially one transaction are to be construed together as one contract. (§ 1642.) However, these cases have no reference,

---

[6]*Meier* v. *Paul X. Smith Corp.,* 205 Cal.App.2d 207, 217 [22 Cal.Rptr. 758]; *Body-Steffner Co.* v. *Flotill Products,* 63 Cal.App.2d 555, 560 [147 P.2d 84]; *Lynch* v. *Bank of America Nat. T. & S. Assn.,* 2 Cal.App.2d 214, 223 [37 P.2d 716]; *Meyer* v. *Weber,* 133 Cal. 681, 683 [65 P. 1110]; *Symonds* v. *Sherman,* 219 Cal. 249, 253 [26 P.2d 293]; *Goodwin* v. *Nickerson,* 51 Cal. 166, 169; *Cadigan* v. *American Trust Co.,* 131 Cal.App.2d 780, 782-786 [281 P.2d 332]; *Zander* v. *Larsen,* 41 Wn.2d 503 [250 P.2d 531, 534]; *Jefferson Trust & Sav. Bank* v. *Heller & Son,* 296 Ill.App. 447 [16 N.E.2d 433, 437].

either directly or indirectly, to the requirement of negotiable instrument law that an endorsement must be upon the note itself or upon a piece of paper firmly affixed thereto. We are not dealing in the present case with the interpretation of a contract consisting of two instruments, but with *the making of an endorsement* upon a promissory note in the particular manner prescribed by section 3112 so as to give rise to the rights of an endorsee or to charge one with the liability of an endorser.

Plaintiffs make the further contention that, since section 3112 provides that ''The signature of the indorser, without additional words, is a sufficient indorsement,'' the ''*allonge*'' provided for in that section merely refers to a paper which contains only a signature. Accordingly, they argue, an endorsement consisting of a signature with additional words may be made on a separate paper or instrument. This contention is without merit. Section 3112 specifically provides that ''*The indorsement*,'' if not written on the instrument itself, ''*must* be written . . . upon a paper attached thereto.'' (Italics added.) As was stated in section 3114 (now Com. Code, §§ 3204 and 3205), an endorsement ''may be either special or in blank; and it may also be either restrictive or qualified, or conditional.''

■ Another argument which plaintiffs make is that the language contained in the ''Assignment of Deed of Trust'' that plaintiffs ''have endorsed'' the note should be construed in its negotiable instrument meaning and should have the legal effect of an endorsement. This language appears to refer to the fact that the note was actually endorsed. However, assuming that this language purports by its terminology to be the endorsement itself, it cannot be effective as such because, as we have pointed out above, it is contained in a separate instrument. In view of these specific statutory requirements, it cannot be argued that, because the subject language might be construed as indicating an endorsement had the ''Assignment of Deed of Trust'' been attached to the subject note, we must give it the legal effect of an endorsement.

■ Having determined that under California law defendants did not effectively endorse the subject note we conclude that they are, by the terms of the ''Assignment of Deed of Trust,'' merely assignors of the note. (See *Kent* v. *Kent*, 6 Cal.App.2d 488, 490 [44 P.2d 445], and *Hays* v. *Plummer, supra*, 126 Cal. 107.) ■ As such they are not liable upon

the note upon the obligor's failure to pay, since an assignor of a promissory note does not by the mere fact of assignment warrant that the obligor is solvent or that the assignor will perform the obligor's obligations. (*People* v. *Barry,* 153 Cal. App.2d 193, 211 [314 P.2d 531]; *Mathes* v. *Bangs,* 128 Cal.App. 171, 172-173 [16 P.2d 749]; *Kane* v. *Eastman,* 110 Cal.App. 753, 758 [295 P. 63]; *Hammond Lumber Co.* v. *Kearsley,* 36 Cal.App. 431, 432-433 [172 P. 404]; Rest., Contracts, § 175, subd. (2), p. 225; 10 C.J.S., Bills and Notes, § 228, p. 721; § 3146 in force at time of instant action (now Com. Code, § 3417).)

The judgment is affirmed.

Sullivan, P. J., and Sims, J., concurred.

A petition for a rehearing was denied February 23, 1966, and appellants' petition for a hearing by the Supreme Court was denied March 22, 1966.